# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SCOTT BRAITHWAITE,              )
                                      )
            Plaintiff,          )
                                        )
v.                                   )        Case No. 21-2152-TC
                                        )
U.S. DEPARTMENT OF JUSTICE,    )
                                        )
            Defendant.       )

## <u>ORDER</u>

Pro se plaintiff Scott Braithwaite has filed a motion asking the court to set a discovery schedule in this employment-discrimination case (ECF No. 21). In response, defendant U.S. Department of Justice moves to stay discovery and other pretrial proceedings (ECF No. 22) pending a ruling on its motion to dismiss the complaint, or in the alternative, for summary judgment (ECF No. 15).

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1] But four exceptions to this general rule are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

as to a defendant's immunity from suit.[2]  The decision whether to stay discovery rests in the sound discretion of the district court.[3]  As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion.  The court concludes that a brief stay of all pretrial proceedings, including discovery and the scheduling of deadlines, is warranted until the court resolves defendant's dispositive motion.  Defendant argues in its motion to dismiss that plaintiff failed to exhaust the appropriate administrative remedies and failed to state a claim, and that defendant is entitled to sovereign immunity from any claims alleging intentional torts.  It is improbable any further discovery would uncover new or additional facts that would affect the resolution of the dispositive motion.  Therefore, additional discovery would be wasteful and burdensome for all parties involved.  Finally, while the undersigned does not presume to know how the presiding U.S. district judge will decide the dispositive motion, it appears that a decision on the dispositive motion is likely to conclude this case.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

---

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this threshold immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

1)  The motion to schedule discovery (ECF No. 21) is denied and the motion to stay (ECF No. 22) is granted.

2)  All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3)  Within 14 days of the ruling on the pending motion to dismiss, the pro se plaintiff and counsel for defendant shall confer and submit a Fed. R. Civ. P. 26(f) planning-meeting report to the undersigned's chambers.

Dated June 29, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge