**In the United States District Court
for the District of Kansas**

———————

Case No. 2:21-cv-2152

———————

SCOTT BRAITHWAITE,

*Plaintiff*

v.

UNITED STATES DEPARTMENT OF JUSTICE,

*Defendant*

———————

**MEMORANDUM AND ORDER**

Plaintiff Scott Braithwaite filed this suit against the United States Department of Justice, claiming among other things, that the Department failed to hire him, retaliated against him, and discriminated against him on several impermissible bases. Doc. 1. The Department moved to dismiss for failure to state a claim, or in the alternative, for summary judgment. Doc. 15. For the following reasons, the Department is granted summary judgment on Braithwaite's employment discrimination and retaliation claims—including any claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and 42 U.S.C. § 1981a. Braithwaite's remaining claims are dismissed.

**I**

Braithwaite's complaint contains a wide array of claims.[1] The Department's motion seeks to terminate all of them because Braithwaite failed to state a claim, Fed. R. Civ. P. 12(b)(6); Doc. 25 at 7, or because they cannot survive summary judgment, Fed. R. Civ. P. 56(a).

---

[1] Braithwaite's claims range from Title VII, the ADEA, and the Americans with Disabilities Act (ADA), to the Rehabilitation Act, the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 1981a, 42 U.S.C. §§ 2000d–2000d-7, and 42 USC §§ 12131–12132. Doc. 1 at 1–2.

1

**A**

**1.** All of Braithwaite's claims implicate Fed. R. Civ. P. 8(a) and 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Rule 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, the Court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, the Court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts viewed in the light most favorable to the claimant must move the claim from merely conceivable to actually plausible. *Id.* at 678–80. The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

**2.** Summary judgment is proper under the Federal Rules of Civil Procedure when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a).

Under D. Kan. Rule 56.1(a), "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." The nonmoving party must "refer with

Case 2:21-cv-02152-TC-JPO   Document 26   Filed 02/04/22   Page 3 of 7

particularity to those portions of the record upon which the opposing party relies, and if, applicable, state the number of movant's fact that is disputed." D. Kan. R. 56.1(b)(1).

**3.** Braithwaite is proceeding pro se, which requires a generous construction of his pleadings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, poor syntax and sentence construction, or apparent unfamiliarity with pleading requirements. *Id.* But a party's pro se status is no bar to the application of basic summary judgment rules. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."); D. Kan. R. 56.1(f) (advising pro se litigants of their summary judgment obligations).

## B

Braithwaite contacted the Federal Bureau of Investigation in January 2019 to discuss allegations of discrimination. Doc. 16 at 2–3. After the Bureau provided him with Notice of Right to File a Discrimination Complaint, Doc. 16-4, Braithwaite filed an administrative complaint of nearly 600 pages, detailing abuses that the FBI committed against him. Doc. 16 at 3. These misdeeds ranged from employment discrimination to attempted murder, kidnapping, rape, wrongful disclosure of genetic information, psychological and physical torture, and an assisted suicide-murder act involving a Jacuzzi bath in Lenexa, Kansas. Doc. 1 at 8–9.

The FBI reviewed his administrative complaint, denied him the relief he sought, and issued a Final Agency Decision on behalf of the Department. Doc. 16 at 4. The Department sent a right-to-sue letter to Braithwaite in May 2019, which that allowed Braithwaite to file a civil action in federal court. Doc. 16 at 4; Doc. 16-5 at 10. And he has done so, repeatedly. His first civil action was dismissed in its entirety, without prejudice, for failing to comply with Rule 8 and for failing to state a claim. *See Braithwaite v. FBI*, No. 19-2363, 2019 WL 4958213, at *1 (D. Kan. Oct. 8, 2019). Braithwaite then filed a second action, which was also dismissed without prejudice for failure to comply with Rule 8. *See Braithwaite v. U.S. Dep't of Justice*, No. 19-2689, 2020 WL 916849, at *1 (D. Kan. Feb. 26, 2020). Braithwaite tried again, but that case was dismissed without prejudice for failure to effect timely service. *See* D. Kan. Case No. 20-2134, Doc. 14. Finally, Braithwaite filed his fourth action, the present case, on March 31, 2021. Doc. 1.

3

Though Braithwaite alleges that the FBI "unlawfully [failed to] provide[] equal employment opportunity," the FBI has no record of a Scott Braithwaite having ever worked for or even applied for employment with the Bureau. Doc. 16 at 3, 5; Doc. 16-7 at 2 (Decl. of Tina Golden) ("Based on my search of HR records, the FBI has no record that the Plaintiff . . . has applied for employment with the FBI."). Braithwaite has not controverted this fact, *see* Doc. 25 at 3, which is now deemed admitted.

The Department filed its motion to dismiss for failure to state a claim or for lack of subject-matter jurisdiction. In the alternative, that same motion requests summary judgment. Doc. 15. In this omnibus motion, the Department argues that Braithwaite's employment discrimination claims should be dismissed because he never applied for or held a position with the FBI, Doc. 16 at 9; that Braithwaite's claims should be dismissed for failure to exhaust his administrative remedies before commencing the present action, *id.* at 10; that Braithwaite's tort claims are barred by the Federal Tort Claims Act (FTCA), *id.* at 14; and that Braithwaite's complaint fails to state a claim that plausibly entitles him to relief, *id.* at 17.

The Department complied with D. Kan. Rule 56.1(f), by sending Braithwaite a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment. Doc. 16 at 2; Doc. 16-2; Doc. 17. Braithwaite timely responded but did not dispute any portion of the Department's summary judgment record, leaving only the question of whether the material facts demonstrate that the Department is entitled to judgment as a matter of law. Doc. 20.

## II

The Department's motion is granted in its entirety. With respect to its request for summary judgment pursuant to Rule 56, the motion is granted on Braithwaite's employment-related claims. The Department's request to dismiss Braithwaite's intentional tort claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) is also granted. And Braithwaite's remaining statutory claims are dismissed for failure to state a claim pursuant to Rule 12(b)(6).

### A

Braithwaite makes a series of employment-related claims, invoking a variety of federal laws, among them the ADA, GINA, Title VII, the ADEA, and Section 1981. He asserts that he has been the victim of

disparate treatment.[2] "To establish a prima facie case of disparate treatment as a result of the prospective employer's failure to hire, a plaintiff must show that (1) he applied for an available position; (2) he was qualified for the position; and (3) he was rejected under circumstances which give rise to an inference of unlawful discrimination." *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1278 (10th Cir. 1999) (internal citation omitted); *see also Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 930 (D. Kan. 2014) ("Generally, a failure to hire claim requires that the plaintiff apply for a position and be rejected for that position."). The Department argues that Braithwaite's employment claims should be dismissed because he never actually applied for or held a position with the FBI. Doc. 16 at 9.

Indeed, all of Braithwaite's employment claims fail because, among other things, he cannot establish a prima facie case of discrimination. The uncontroverted evidence establishes that Braithwaite has never applied for a position with the Department. Doc. 16-7; *see* Doc. 25 (declining to controvert Department's facts). As a result, the Department is entitled to judgment as a matter of law on any of Braithwaite's claims that arise from allegedly discriminatory hiring or employment practices, including any such claims under Title VII, ADEA, Section 1981, ADA, and GINA. *See, e.g.*, *Zwygart v. Bd. of Cty. Comm'rs*, 483 F.3d 1086, 1090 (10th Cir. 2007) (listing discriminatory action "by an employer or prospective employer" as an element of an ADA employment claims); 42. U.S.C. § 2000ff-1(a) (defining unlawful employment practice under GINA); *Anaeme*, 164 F.3d 1275 (identifying application for a position as an element of Title VII failure-to-hire claim).

## B

Most of Braithwaite's remaining claims sound in tort. These claims arise from assaults, rape, and a host of other abuses allegedly committed by FBI employees. Doc. 1.

The Department argues that the FTCA bars Braithwaite's tort claims because Braithwaite failed to name and serve the United States. Doc. 16 at 15. The FTCA "provides the general exception to the prohibition of suits against the federal government" and allows for money damages "where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b). The types of claim that fall into this category include those "for injury or loss of property . . . or

---

[2] It appears that Braithwaite might also intend to allege nonemployment claims under the ADA and GINA. Those are addressed in Part II.C, *infra*.

personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *See id.*; 28 U.S.C. § 2674. Under the FTCA, the United States itself "is the only proper defendant." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). In other words, a plaintiff cannot sue federal agencies or agents in their official capacities; "[i]nstead, a suit against the United States under the FTCA is the exclusive remedy." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").

The Department is correct. Braithwaite names only the Department as a defendant. Doc. 1 at 1, 6. As a result, dismissal of all tort claims is required. *Smith*, 561 F.3d at 1099 (granting dismissal of all defendants except the United States).[3]

## C

Invoking Rule 12(b)(6), the Department argues that any remaining claims should be dismissed for failure to state a claim. Doc. 16 at 17. Specifically, the Department argues that Braithwaite's complaint "does not provide adequate notice of the claims or allow the court to determine whether the plaintiff is entitled to relief." Doc. 16 at 17. That point is well-taken: Braithwaite's complaint is virtually the same as his previous complaints, including the complaint that Judge Murguia already dismissed for failure to state a claim. *Braithwaite v. FBI*, No. 19-2363, 2019 WL 4958213, at *1 (D. Kan. Oct. 8, 2019). Once again, Braithwaite's complaint fails to cross "the line from conceivable to plausible" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Instead, it presents purely conclusory allegations of wrongdoing and conspiracy among government actors, which fail to meet the elements of any of the claims he seeks to pursue. That is not enough. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.

---

[3] The Department also argues that dismissal is required because Braithwaite failed to exhaust his administrative remedies, Doc. 16 at 15, and cannot overcome sovereign immunity, *id.* at 15–16. Those arguments need not be addressed in light of the failure to name and serve a proper defendant.

## III

For the foregoing reasons, the Department's Motion to Dismiss for Failure to State a Claim or, in the Alternative, Summary Judgment, Doc. 15, is GRANTED. The Department is granted summary judgment as to any employment-related claims contained within Braithwaite's complaint. Braithwaite's tort claims are dismissed for lack of subject-matter jurisdiction. And Braithwaite's remaining statutory claims are dismissed for failure to state a claim.

It is so ordered.


Date: February 4, 2022                    s/ Toby Crouse
                                                               Toby Crouse
                                                               United States District Judge